In the Supreme Court of Georgia

Decided:    February 8, 2016

S15Y1766, S15Y1767.  IN THE MATTER OF STEPHEN B. TAYLOR.

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of Stephen B. Taylor (State Bar No. 701200).  The State Bar attempted to serve Taylor personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Taylor by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Taylor failed to file a Notice of Rejection.  Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Taylor's default, show that, with regard to S15Y1766, Taylor agreed to represent a client in a criminal sentencing matter and was paid $750 by the client's family to do so.  After a single initial visit with the client, Taylor failed to do any work on the client's

behalf, abandoned the matter, and failed to communicate with the client or the client's family. Similarly, in S15Y1767, Taylor agreed to represent a client in a criminal matter and was paid $2,650 by the client's family to do so. Taylor failed to do any work on the matter, abandoned the matter, failed to communicate with the client or the client's family, and failed to return the fee that he was paid. As to each matter, Taylor was served by publication with a Notice of Investigation, but he failed to file a timely sworn, written response, as required by Bar Rule 4-204.3

Based on these facts, the Investigative Panel found probable cause to believe that, in S15Y1766, Taylor violated Rules 1.3, 1.4, and 9.3, all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). As to S15Y1767, the Investigative Panel found probable cause to believe that Taylor violated Rules 1.3, 1.4, and 9.3, along with Rule 1.16. The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16, and 9.3 is a public reprimand. In aggravation of discipline as to each of the matters, the Investigative Panel found that Taylor had acted willfully in collecting a fee from these clients and abandoning the legal matters entrusted to him, that he acted with a selfish motive in so doing, and that

2

these two matters, taken together, show a pattern of client neglect. The Bar further notes that this Court previously had imposed upon Taylor an interim suspension, see In the Matter of Taylor, S13Y1720 (August 20, 2013), and that he received an Investigative Panel reprimand in 2012.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Stephen B. Taylor be removed from the rolls of persons authorized to practice law in the State of Georgia. Taylor is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.